UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHARLES EVANS, JR., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>WALMART, INC., *et al.*, :<br>:<br>Defendants. : | Case No. 3:23-cv-348<br><br>Judge Thomas M. Rose |

**ENTRY AND ORDER GRANTING MOTION OF DEFENDANT WALMARTS'
FOR SUMMARY JUDGMENT (DOC. NO. 28)**

Presently before the Court is the Motion of Defendant Walmarts' for Summary Judgment ("Motion") (Doc. No. 28). In the Motion, Defendant Walmart, Inc. ("Walmart") seeks summary judgment on Plaintiff Charles Evans Jr.'s ("Evans") claim of negligence in relation to a case of Propel water that fell on Evans as he tried to remove it from a high shelf in one of Walmart's stores. (*Id*.) Walmart argues that the condition that caused Evans' injury was an open and obvious hazard, meaning Walmart did not owe Evans a duty. (*Id*. at PageID 129-31.) Additionally, Walmart contends the doctrine of *res ipsa loquitor* does not apply in this instance because it was not in exclusive control of the case of Propel water. (*Id*. at PageID 133-35.)

For the reasons discussed below, Walmart's Motion is **GRANTED**.

**I.      BACKGROUND**

On March 8, 2023, Evans and his two-year old son entered the Walmart location in Xenia, Ohio to buy groceries. (Doc. No. 29-1 at PageID 169.) Evans was familiar with this Walmart location as he typically shopped there two or three times per week. (*Id*.) As Evans shopped, he stopped in the water aisle to retrieve a case of Propel water. (*Id*. at PageID 170.) The only Propel

1

in stock was an 18-pack case of water located on the top shelf above Evans' eye level.  (*Id.*)  On the shelf was a strip of blue tape stating, "Ask for assistance with items on the top shelf."  (Doc. No. 28-2.)

Evans testified in his deposition that he approached three different Walmart employees to ask for help getting the case of Propel down.  (*Id.*)  In each instance, the employee told Evans to ask another employee because they were busy.  (*Id.*)  Evans then returned to the shelf and tried to grab the case of Propel himself.  (*Id.*)  The case of water then fell on Evans.  (*Id.*)  Walmart conversely attaches an affidavit from its Loss Prevention Manager, Ricky Collins, who states that he reviewed the video and Evans did not leave the aisle to request assistance.  (Doc. No. 28-1.)

Evans filed his Complaint for Personal Injury ("Complaint") in the Court of Common Pleas for Greene County, Ohio on October 13, 2023.  (Doc. No. 5.)  This action was removed to federal court by Walmart on November 22, 2023.  (Doc. No. 1.)  Walmart filed the present Motion on March 6, 2025 (Doc. No. 28.)  Evans failed to file a response.  Time having elapsed to file a response, this matter is ripe for review and decision.

## II.     LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, affidavits or sworn declarations, and admissions on file, that it believes demonstrate the absence of a genuine issue of material fact.

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c). The burden then shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Id*. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). However, where, as in this case, the opposing party fails to respond the movant nonetheless bears the initial burden. *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). "Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citing *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011)); *see also Globe Life and Accident Ins. Co. v. Jacobs*, No. 5:20-cv-02189, 2022 U.S. Dist. LEXIS 99012, at *8, 2022 WL 1803006, at *3 (N.D. Ohio June 2, 2022) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)) ("With respect to unopposed motions for summary judgment specifically, 'although a district court must satisfy itself that the moving party

3

has met the demands of [Fed. R. Civ. P. 56] before granting summary judgment, the court need not comb through the record to ascertain whether a genuine issue of material fact exists'").

Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id*. at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, therefore, "asks whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id*.

### III. ANALYSIS

Walmart makes several arguments regarding its liability in this case. First, Walmart argues that it did not owe Evans a duty because the danger of the case of Propel on the top shelf was open and obvious. (Doc. No. 28 at PageID 129-30.) Second, it argues that even if it did owe Evans a duty, it did not have "superior knowledge" of the dangerous condition. (*Id*. at PageID 131-33.) Third, Walmart argues that Evans cannot fallback on the doctrine of *res ipsa loquitor* because it

4

was not in exclusive control of the case of Propel and there are other explanations for why it fell. (*Id*. at PageID 133-36.)

The Court need only address Walmart's first and third arguments in this case.

### A. The Open and Obvious Doctrine

It is well-settled in Ohio that the elements of negligence are: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio DOC*, 96 Ohio St. 3d 266, 274, 2002-Ohio-4210, at ¶ 22, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989)). "The failure to prove any one of these elements is fatal to a claim of negligence." *Rieger v. Giant Eagle, Inc.*, 157 Ohio St. 3d 512, 516, 2019-Ohio-3745, at ¶ 10, 138 N.E.3d 1121, 1125 (Ohio 2019).

"'A shopkeeper ordinarily...has the duty to warn its invitees of latent or hidden dangers. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.'" *Dorsey v. Lowe's Home Centers, LLC*, No. 1:20-cv-2774, 2023 U.S. Dist. LEXIS 41183, at *13, 2023 WL 2456587, at *6 (N.D. Ohio Mar. 10, 2023) (quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 80, 2003-Ohio-2573, at ¶ 5, 788 N.E.2d 1088, 1089-90 (Ohio 2003)). Under the open and obvious doctrine, "a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Hupp v. Meijer Stores Ltd. P'ship*, 2006-Ohio-2051, at ¶ 14 (Ohio Ct. App. 2006) (quoting *Sidle v. Humphrey*, 13 Ohio St. 2d 45, 45, 233 N.E.2d 589, 590 (Ohio 1968)).

Courts will decide, as a matter of law, whether a hazard is open and obvious if only one

conclusion can be drawn from the established facts. *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *14, 2023 WL 2456587, at *6. Ohio courts use an objective standard when determining if a danger is open and obvious. *Williams v. Strand Theatre & Cultural Arts Ass'n., Inc.*, 2019-Ohio-95, at ¶ 24 (Ohio Ct. App. 2019). "'[T]he determinative question is whether the condition is discoverable or discernible by one who is acting with ordinary care under the circumstances. A dangerous condition does not necessarily need to be observed by the injured party, it just objectively needs to be observable.'" *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *14, 2023 WL 2456587, at *6 (quoting *Uhl v. Thomas*, 2009-Ohio-196, at ¶ 16 fn. 1 (Ohio Ct. App. 2009)).

An instructive case, for the fact pattern presented here, is *Bonner v. Glassman*, 2012-Ohio-86 (Ohio Ct. App. 2012). In *Bonner* the plaintiff had been shopping at the defendant grocery store on a weekly basis for years. 2012-Ohio-86, at ¶ 4. The plaintiff went to retrieve two cases of water and noticed there were three stacks of cases of water. *Id*. at ¶ 5. Upon viewing the stacks, the plaintiff noted that two of the stacks were taller than he was and he would have had to extend his arms to get a case of water down. *Id*. Instead of getting his water from the two taller stacks, the plaintiff took two cases from the lower stack and caused the other two stacks to topple onto him. *Id*. at ¶ 6. The Ohio court held that based on the plaintiff's familiarity with the store and his recognition that the water stacks were taller than he was, disturbing those water stacks "constituted an obvious danger." *Id*. at ¶ 28-29.

Similar to *Bonner*, Evans testified that he shopped at this Walmart location two or three times a week and there were no cases of Propel at eye level or below. (Doc. No. 29-1 at PageID 169-70.) Indeed, if the Court accepts Evans' assertion that he tried to get an employee to help him, it demonstrates that he recognized some level of risk in attempting to retrieve the case of water himself. Moreover, the shelf was clearly labeled with the warning, "Ask for assistance with items

6

on the top shelf." (Doc. No. 28-2.) While Evans testified that he did not see this warning (Doc. No. 29-1 at PageID 179-80), the warning was readily observable, as was the fact the case of Propel was above Evans head. Both the dangerous condition and the warning were readily observable in this case and the condition itself was, in fact, observed by Evans to some degree. *See Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *14, 2023 WL 2456587, at *6 (quoting *Uhl*, 2009-Ohio-196, at ¶ 16 fn. 1) ("'A dangerous condition does not necessarily need to be observed by the injured party, it just objectively needs to be observable'").

Consequently, the Court finds the condition was an open and obvious danger and, therefore, Walmart did not owe Evans a duty of care.

### B. *Res Ipsa Loquitur*

Walmart also argues that an application of *res ipsa loquitur* in this case would be inappropriate given the attendant facts. (Doc. No. 28 at PageID 133-36.)

> A plaintiff must establish two elements for the doctrine of *res ipsa loquitur* to apply: '(1) [t]hat the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.'

*Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St. 3d 300, 305, 2010-Ohio-1041, at ¶ 27, 927 N.E.2d 1112, 1118 (Ohio 2010) (quoting *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St. 2d 65, 66-67, 262 N.E.2d 703, 705 (Ohio 1970)).

Ohio courts have consistently held that, "'a premises occupier will not be deemed to have exclusive control over an object where the public has access to it.'" *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, at ¶ 60, 993 N.E.2d 808, 826 (Ohio Ct. App. 2013) (quoting *Hansen v. Wal-Mart Stores, Inc.*, 2008-Ohio-2477, at ¶¶ 22-23 (Ohio Ct. App. 2008)); *see also Hutchinson v. Lowes Home Ctrs., LLC*, No. 21-4048, 2022 U.S. App. LEXIS 15093, at *6, 2022 WL 1773720, at *2

7

(6th Cir. 2022); *Dorsey*, 2023 U.S. Dist. LEXIS 41183, at *11 fn. 5, 2023 WL 2456587, at *5 fn. 5.  While a Walmart employee would have been responsible for placing the case of Propel on the shelf, once it was placed there it was within the public access.  At that point Walmart no longer had exclusive control over the case of Propel.

Therefore, the Court finds the application of *res ipsa loquitur* in this case would not be appropriate.

### C. Ohio Department of Medicaid

There remains the issue of the Ohio Department of Medicaid's ("Medicaid") involvement in this action.  Evans' claim involving Medicaid was limited to any "vested interest in the within action as a result of [Medicaid's] claim of subrogation, if one so exists."  (Doc. No. 5 at PageID 44.)  Similarly, Medicaid's cross claim alleges, "[b]y virtue of Section 5160.37 of the Ohio Revised Code, the State of Ohio is entitled to recover the amount expended for said medical services and care from the Defendants."  (Doc. No. 7 at PageID 58.)  As Evans claim is being dismissed and, consequently, he is not entitled to the recovery of medical expenses, Medicaid's claim for the recovery of any amount expended must too fall.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Motion of Defendant Walmarts' for Summary Judgment (Doc. No. 28).  The Clerk is directed to terminate this matter.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 10, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE